**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
             jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Joshua Arisohn (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: jarisohn@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MASON, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| CARS.COM, LLC and LEAD INTELLIGENCE, INC. d/b/a JORNAYA, | |
| Defendants. | |

Plaintiff Stephen Mason ("Plaintiff"), individually and on behalf of himself and all others similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action suit brought against Defendants CARS.COM, LLC ("Cars.com") and Lead Intelligence, Inc. d/b/a Jornaya ("Jornaya") (collectively, "Defendants") for wiretapping the electronic communications of visitors to the website called cars.com. The wiretap, which is embedded in the computer code of cars.com, is used by Defendants to secretly observe and record website visitors' keystrokes, mouse clicks,[1] and other electronic communications, including the entry of Personally Identifiable Information ("PII") in real time. By doing so, Defendants have violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631.

2. Plaintiff brings this action on behalf of himself and a class of all people in California whose electronic communications were intercepted through the use of Defendants' wiretap on cars.com.

## THE PARTIES

3. Plaintiff Stephen Mason is a California resident who lives in Menlo Park, California.

4. Defendant Cars.com is a Delaware corporation with its headquarters in Chicago, Illinois.

5. Defendant Cars.com owns and operates the website called cars.com.

6. Defendant Cars.com does business throughout California and the entire United States.

7. Defendant Jornaya is a Delaware corporation with its headquarters in Conshohocken, Pennsylvania.

8. Defendant Jornaya does business throughout California and the entire United States.

---

[1] As used herein, the term "mouse clicks" also refers to "touch gestures" such as the "tap," "swipe," and similar gestures used on touchscreen devices.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from at least one Defendant.

10. This Court has personal jurisdiction over Defendants because each of the Defendants have purposefully availed themselves of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of the Defendants' forum-related activities. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

11. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

**STATEMENT OF FACTS**

12. Defendant Jornaya provides a variety of "real time" products for companies who engage in telemarketing.

13. Jornaya's products include "TCPA Guardian" and "LeadiD," which help businesses evade the Telephone Consumer Protection Act ("TCPA") by creating evidence of purported consent to receive telemarketing calls, and to secretly collect data from website users for marketing purposes.

14. Jornaya's products include a tool called "Visual Playback," which surreptitiously records, in real time, a website visitor's keystrokes, mouse clicks, and other interactions on a website.

15. On its website, Jornaya says that its "real time" recording of user interactions begins "**the moment a customer lands on a webpage**." This technology allows Jornaya to "**witness[] [customers'] interactions and collect[] data related to their experience**."

16. In a similar vein, Jornaya describes itself as "a neutral 3d party witness to the events that take place on the website."

17. As if secretly monitoring website visitors' communications were not enough, Jornaya also claims its LeadiD is a marketing tool that "unlocks 50+ data points to help buyers and sellers evaluate the quality and performance of leads":



18. In short, Jornaya's software functions as a wiretap, and Jornaya is a self-admitted eavesdropper who uses those wiretaps.

19. Jornaya's business model involves entering into voluntary partnerships with various companies and providing its software to those partners.

20. Jornaya has stated that it works with more than 30,000 websites, which "gives [it] insight into 200 million consumer shopping events every month."

21. One of Jornaya's partners is Defendant Cars.com.

22. Cars.com has used Jornaya's TCPA Guardian on cars.com.

23. Cars.com has used Jornaya's LeadiD on cars.com.

24. Cars.com has used Jornaya's Visual Playback on cars.com.

25. On July 15, 2018, Jornaya announced that Cars.com began using its "TCPA Guardian" product. According to that announcement, "Cars.com has integrated Jornaya's TCPA Guardian across their marketplace and related brands to ensure a holistic system of compliance. **By monitoring content in every interaction**, Cars.com and its dealer customers can confidently respond in real-time to customer requests."

26. Cars.com knows that Jornaya's Visual Playback tool captures the keystrokes, mouse clicks and other communications of visitors to its website, and pays Jornaya to supply that information.

27. Pursuant to an agreement with Jornaya, Cars.com voluntarily embedded Jornaya's software code on cars.com.

28. In July 2020, Plaintiff visited cars.com. He was in California at the time.

29. During Plaintiff's visit to cars.com in July 2020, Jornaya's software would have created a video capturing Plaintiff's keystrokes and mouse clicks on the website.

30. During Plaintiff's visit to cars.com in July 2020, Jornaya's software would have captured the date and time of visit, Plaintiff's name, phone number, email, IP address, and device type. All of this information would have been intercepted in real time and disclosed to Jornaya.

31. While visiting cars.com, Plaintiff was unaware at the time that his keystrokes, mouse clicks, and other electronic communications, including the information described above, were being intercepted in real-time and disclosed to Jornaya, nor did Plaintiff consent to the same.

## CLASS ACTION ALLEGATIONS

32. Plaintiff seeks to represent a class of all California residents who visited cars.com and whose electronic communications were intercepted or recorded by Jornaya. Plaintiff reserves the right to modify the class definition as appropriate based on further investigation and discovery obtained in the case.

33. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

34. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631 and invaded Plaintiff's privacy rights in violation of the California Constitution; and whether class members are entitled to actual and/or statutory damages for the aforementioned violations.

35. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, visited cars.com and had his electronic communications intercepted and disclosed to Jornaya through the use of Jornaya's wiretaps.

36. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

37. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

38. Plaintiff brings all claims in this action individually and on behalf of members of the Class against Defendants.

### COUNT I
### Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 631

39. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

41. To establish liability under section 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with

> any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,
>
> *Or*
>
> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,
>
> *Or*
>
> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> *Or*
>
> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

42. Section 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *See Matera v. Google Inc.*, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet Tracking Litigation*, --- F.3d --- 2020 WL 1807978 (9th Cir. Apr. 9, 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

43. The Jornaya's software is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue here.

44. At all relevant times, by using Jornaya's technology, Defendants intentionally tapped, electrically or otherwise, the lines of internet communication between Plaintiff and class members on the one hand, and Cars.com on the other hand.

45. At all relevant times, by using Jornaya's technology, Defendants willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or

attempted to read or learn the contents or meaning of electronic communications of Plaintiff and putative class members, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California.

46. Defendants aided, agreed with, and conspired with each other to implement Jornaya's technology and to accomplish the wrongful conduct at issue here. In addition, Cars.com employed Jornaya to accomplish the wrongful conduct at issue here.

47. Plaintiff and Class Members did not consent to any of Defendants' actions in implementing the wiretaps. Plaintiff and Class Members did not consent to Jornaya's access, interception, reading, learning, recording, and collection of Plaintiff and Class Members' electronic communications.

48. The violation of section 631(a) constitutes an invasion of privacy sufficient to confer Article III standing.

49. Plaintiff and Class Members seek all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

**COUNT II**
**Violation Of The California Invasion Of Privacy Act,**
**Cal. Penal Code § 635**

50. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

51. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

52. California Penal Code § 635 provides, in pertinent part:

> Every person who manufactures, assembles, sells, offers for sale, advertises for sale, possesses, transports, imports, or furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another, or any device which is primarily or exclusively designed or intended for the unauthorized interception or reception of communications between cellular radio telephones or between a cellular radio telephone and a landline telephone in violation of Section 632.5, or communications between cordless telephones or between a cordless telephone and a landline telephone in violation of Section 632.6 ,

shall be punished by a fine not exceeding two thousand five hundred dollars ….

53. At all relevant times, by implementing Jornaya's wiretaps on Cars.com, each Defendant intentionally manufactured, assembled, sold, offered for sale, advertised for sale, possessed, transported, imported, and/or furnished a wiretap device that is primarily or exclusively designed or intended for eavesdropping upon the communication of another.

54. Jornaya's code is a "device" that is "primarily or exclusively designed" for eavesdropping. That is, the Jornaya's code is designed to gather PII, including keystrokes, mouse clicks, and other electronic communications.

55. Plaintiff and Class Members did not consent to any of Defendants' actions in implementing Jornaya's wiretaps on Cars.com.

56. Pursuant to Cal. Penal Code § 637.2, Plaintiff and Class Members have been injured by the violations of Cal. Penal Code § 635, and each seek damages for the greater of $5,000 or three times the amount of actual damages, as well as injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a. For an order certifying the Class under Rule 23 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b. For an order declaring that the Defendants' conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For statutory damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For injunctive relief as pleaded or as the Court may deem proper; and

g. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable.

Dated: September 30, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   /s/ *Joel D. Smith*
        Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
       jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Joshua Arisohn (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jarisohn@bursor.com

*Attorneys for Plaintiff*